IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KIRK W. GARRISON**,

    Plaintiff,

v.

**T. BLEWETT**,

    Defendant.

Case No. 2:19-cv-1793-CL

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Mark D. Clarke issued Findings and Recommendation in this case on September 11, 2023. Judge Clarke recommended that this Court deny Petitioner's Petition for Writ of Habeas Corpus (ECF 1).

    Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner timely filed an Objection (ECF 49), to which Respondent filed a Response (ECF 50). Petitioner objects to three of Judge Clarke's conclusions: (1) that Petitioner's trial counsel's decision not to conduct a mitigation investigation and present argument at sentencing regarding Petitioner's intellectual disability, amenability to treatment, and declining risk of recidivism was a reasonable strategic decision and did not constitute deficient performance; (2) that Petitioner was not prejudiced by trial counsel's omissions; (3) that the Court should decline to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).

For Petitioner's first two objections, Petitioner simply states that he "relies on the legal arguments presented in his Brief in Support of Petition for Writ of Habeas Corpus filed on November 14, 2022." Objections that merely restate previously presented arguments, however, are improper. *See, e.g.*, *United States v. Peterson*, 2024 WL 498107, at *6 (D. Alaska Jan. 23,

2024) ("Objections . . . should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support."); *El Papel LLC v. Inslee*, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection here."); *Eagleman v. Shinn*, 2019 WL 7019414, at *4 (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or rehash claims asserted in the Petition, which the magistrate judge has already addressed in the R&R, are not sufficient under Fed. R. Civ. P. 72."); *Mont. Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) ("A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result. It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference."); *see also* Fed. R. Civ. P. 72(b)(3) (directing the court to "determine de novo any part of the magistrate judge's disposition that has been *properly* objected to" (emphasis added)). Thus, those portions of the Findings and Recommendation are more properly considered as without objection. *See Mont. Shooting*, 2010 WL 4102940, at *2 ("There is no benefit if the district court is required to review the entire matter de novo because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." (cleaned up)).

      Even if Petitioner incorporating by reference his original submission to the magistrate judge were a proper way to raise objections, the Court finds Petitioner's first two objections

PAGE 3 – ORDER

unpersuasive upon a *de novo* review. The Court agrees with and adopts Judge Clarke's conclusion that the state postconviction court's rejection of Petitioner's ineffective assistance claim was not "objectively unreasonable," *i.e.*, "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." ECF 47 at 15, 16-17 (citing the standard in *Williams v. Taylor*, 529 U.S. 362, 409 (2000), and then quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)); *see also Richter*, 562 U.S. at 102 (explaining that 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, "preserves authority to issue the writ [of *habeas corpus*] in cases where there is no possibility that fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents," and "goes no further").

As for Petitioner's third objection, the Court agrees with and adopts Judge Clarke's conclusion that because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court should not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c). "A 'substantial showing' includes showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Sassounian v. Roe*, 230 F.3d 1097, 1101 (9th Cir. 2000) (cleaned up). The Court agrees that Plaintiff has not met that standard.

For those portions of Judge Clarke's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Clarke's Findings and Recommendation (ECF 47). The Court DENIES Petitioner's Petition for Writ of Habeas Corpus (ECF 1). The Court declines to

issue Certificate of Appealability because petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 16th day of February, 2024.

/s/ <i>Michael H. Simon</i><br>
Michael H. Simon<br>
United States District Judge